IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
Plaintiff,

v.

Case No. 20–CR–40091–JPG

CHRISTOPHER THOMPSON,
Defendant.

# ORDER

Before the Court is the Government's Motion for Order Permitting Disclosure of Grand Jury Material. (ECF No. 12).

> The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter . . . preliminary to or in connection with a judicial proceeding[.]

Fed R. Crim. P. 6(e)(3)(E)(i). Disclosure under Rule 6(e) is a matter "committed to the discretion of the trial judge." *See Pitt. Plate Glass Co. v. United States*, 360 U.S. 395, 299 (1959). Relatedly, the Court has "inherent power to require the prosecution to produce the previously recorded statements of its witnesses so that the defense may get the benefit of cross-examination and the truth-finding process may be enhanced." *United States v. Nobles*, 422 U.S. 225, 231 (1975); *see* Fed. R. Civ. P. 26.2; 18 U.S.C. § 3500.

The Court finds that good cause exists to permit the disclosure of relevant grand-jury material to the defendant, who did not respond to the Government's Motion. The Court therefore **ORDERS** the Government to disclose copies of records received through grand-jury subpoena to defense counsel.

**IT IS SO ORDERED.**

**Dated: Friday, October 30, 2020**

S/J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**